UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE IGOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02910-JMS-MPB |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| NEW CASTLE CORRECTIONAL FACILITY, ) | |
| THE GEO GROUP, INC., ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| WEXFORD OF INDIANA, LLC, ) | |
| CORIZON HEALTH, INC., ) | |
| NIKKI TAFOYA in her individual and official ) | |
| capacity, ) | |
| HANNA WINNINGHAM in her individual and ) | |
| official capacity, ) | |
| MEGAN MILLER in her individual and official ) | |
| capacity, ) | |
| DOES 1-20 in their individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Lance Igou is a 29-year old inmate at the New Castle Correctional Facility. [Filing No. 1 at 1.] In his Complaint, Mr. Igou alleges that while incarcerated, he has been denied treatment for an eye condition, resulting in permanent vision impairment and the potential loss of his eye. [Filing No. 1 at 4-10.] He raises four claims in this matter: (1) violation of the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983; (2) violation of the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, under the standard articulated in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); (3) violation of Indiana Constitution Article 1, Section 16; and (4) negligence. [Filing No. 1 at 10-

1

13.] Mr. Igou requests an injunction requiring treatment of his eye, damages, attorneys' fees, and any other relief that may be just and proper. [Filing No. 1 at 13-14.]

Defendants Hanna Winningham, Megan Miller, and Corizon, LLC (collectively "Defendants") have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] [Filing No. 33.] That Motion is currently ripe for the Court's review.

# I.
# LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). *United States v. Wood,* 925 F.2d 1580, 1581 (7th Cir. 1991). A "court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F. 2d 357, 358 (7th Cir. 1987) (citing *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F. 2d 174, 177 n. 2 (7th Cir. 1986)). The Court should "take all well-pleaded allegations in the plaintiffs' pleadings to be true, and [should] view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs." *Republic Steel Corp.*, 785 F. 2d at 177 n. 2. However, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"The documents a court may consider under Rule 12(c) include the complaint, the answer, and any written exhibits attached as exhibits [to either]." *N. Indiana Gun & Outdoor Shows,*

---

[1] After that Motion was filed, Mr. Igou and Defendants Indiana Department of Corrections, New Castle Correctional Facility, Nikki Tafoya, and Wexford Health Services, Inc. stipulated to the dismissal without prejudice of all claims against them. [Filing No. 66; Filing No. 68 (Court's order dismissing those defendants without prejudice).] Therefore, while Defendant Wexford of Indiana also joined in the 12(c) motion, it has subsequently been dismissed as a defendant.

2

*Inc.,* 163 F. 3d 452, 452 (7th Cir. 1998) (citing Fed R. Civ. P. 10(c)). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." *Karaganis,* 811 F. 2d at 358 (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F. 2d 209, 211 (7th Cir. 1982)).

## II.
### DISCUSSION

Defendants move to dismiss Count III of the Complaint, the Indiana constitutional claim, "to the extent [that] it seeks the recovery of damages."[2] [Filing No. 34 at 3.] Defendants argue that no Indiana court has recognized a private right of action for monetary damages under the Indiana Constitution. [Filing No. 34 at 2.] Mr. Igou responds that he is not seeking monetary damages regarding Count III—he points out that his Complaint lists all of his claims, and then in a separate section, generally lists all of his requested relief. [Filing No. 35 at 3.] Mr. Igou argues that injunctive relief is available under the Indiana Constitution, and therefore Count III remains actionable. [Filing No. 35.] Defendants did not file a reply.

In short, Mr. Igou and Defendants appear to agree that monetary damages are not available for Count III, and Mr. Igou confirms that he is not seeking monetary damages pursuant to that claim. Therefore, to the extent that Mr. Igou's Complaint makes any such claim, the Court grants Defendants' Motion to Dismiss Count III, but only as to any claim for monetary damages on that Count.

---

[2] Defendants' Motion does not specify that they seek dismissal only insofar as Mr. Igou is claiming money damages on Count III, [Filing No. 33], but their briefing does, [Filing No. 34 at 3]. The Court construes the Motion consistently with the briefing.

## III.
### CONCLUSION

For the reasons described above, the Court **GRANTS** Defendants' Motion to Dismiss Count III, [33], but only to the extent that Count III seeks monetary damages. In any other way, the claim stated in Count III remains pending in this case.

No partial final judgment shall issue.

Date: 2/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**